## APRIL TERM, 1886.

DENVER & NEW ORLEANS R. R. CO. v. LAMBORN ET AL.

1. The deposit as security for possession under the statute, pending condemnation proceedings, cannot be used in a subsequent condemnation proceeding by the same petitioner and for a portion of the same premises, the damages suffered by respondent through the first proceeding not having been determined and paid.
2. This court cannot take original jurisdiction of condemnation proceedings.

*Error to District Court, Pueblo County.*

MOTION to amend judgment.

Messrs. WELLS, SMITH and MACON, for plaintiff in error.

Mr. JOHN M. WALDRON, for defendants in error.

PER CURIAM. In this case there were three orders of the court or judge to which objection was taken by plaintiff in error: *First*, the order overruling petitioner's exceptions to the findings and report of the commissioners; *second*, the order denying the so-called supplemental petition; and, *third*, the order commanding petitioner to pay the amount of the damages awarded or vacate the premises by a given time.

Upon a motion to dismiss on the ground that there was no final judgment, this court held the first of the foregoing orders to constitute, under our peculiar statute on the subject of eminent domain, such a final adjudication as authorized an appeal or writ of error. This final order of the court below was ultimately affirmed, but the judgment here entered does not, in words, either reverse or affirm the remaining two orders above mentioned.

Counsel now urge that the opinion filed requires a reversal of the second and third orders, and they insist that the judgment record in this court be amended accordingly.

With reference to the order denying defendant's supplemental petition, we have this to say:   The record before us shows that one of the principal grounds relied on by the district judge in making his ruling was the fact that the paper was filed without "leave of court first had and obtained." Upon this question nothing was said in the opinion.   We did not consider the authority of the judge to deny the petition because it was filed without leave, or determine the propriety of his action in so doing.   Until we had discussed this question of practice, and decided that the judge had no power to deny such an application upon the ground mentioned, we would certainly not be prepared to reverse this order, even were it proper to consider, on error, proceedings subsequent to the final judgment complained of.

But counsel insist most strenuously that, under the opinion, the remaining order should be reversed.   We cannot accede to their demand for the following reasons:   *First*, the order mentioned, as already stated, commanded petitioner to pay the amount of the award or to vacate the premises; *second*, the opinion does not discuss or pass upon the authority of the court, in view of the statute, to make such an order, though subsequent to final judgment, nor does it contain anything contrary to the spirit of the order.

While the right to abandon is upheld, petitioner is by no means permitted to retain possession of the premises without payment of the award.   The whole tenor of the opinion is to the effect that when an award is finally sustained upon exceptions thereto, petitioner must pay the amount thereof, or abandon the premises.

Counsel further urge us to provide by order that the sum deposited at the inception of the proceedings before

us, or a part thereof, be used by the petitioner as the statutory deposit or security for possession pending further proceedings for the right of way. They also ask that an additional provision be incorporated into the judgment of this court, which shall permit petitioner to retain possession of the right of way pending condemnation proceedings therefor. They insist upon two impossibilities.

In the first place, the proceeding to condemn the right of way, whether it be permitted by the district judge as an adjunct to the present action, or whether instituted without any reference thereto, is in its essential character an original proceeding. A new deposit of an amount to be fixed by the court or judge as a condition precedent to the retention of possession is necessary. The $3,000 lodged with the clerk at the inception of these proceedings must be held until the damages by reason thereof have been determined and liquidated. To say otherwise would be to abandon one of the leading propositions with reference to preliminary occupancy announced in the former opinion,— a proposition concerning the correctness of which we entertain no doubt.

The second fatal objection to counsel's demand last above stated is that this court is not authorized by the statute to take original jurisdiction of condemnation proceedings, and therefore any order by us permitting petitioner to retain possession pending an original proceeding hereafter instituted for the right of way would be clearly unwarranted.

It is true, as asserted in the oral argument, that in so far as the opinion filed deals with the subject of abandonment it relates to a question that technically arose subsequent to the order designated as a "final judgment." But had we declined to consider this subject, irreparable injury might have resulted to petitioner, and the main question, zealously contested in argument, and urged for adjudication, would have been left undecided. In view

of the peculiar attitude of the parties before us, the diverse ideas concerning their respective rights under the statute, the unsettled condition of the practice, and, especially, the future action of petitioner in the premises, we were persuaded to depart from the usual custom of this court in other kinds of cases, and determine this question.

The motion is denied.

ELBERT, J., did not take part in the decision of this motion.