## Richmond.

EASTMAN KEYS v. H. G. SHIRLEY, CHAIRMAN OF THE
STATE HIGHWAY COMMISSION OF VIRGINIA.

November 21, 1929.

The opinion states the case.

*H. Thornton Davies*, for the plaintiff in error.

*J. F. Hall*, for the defendant in error.

PER CURIAM.

In the construction of the Washington-Richmond State Highway, it became necessary for the Chairman of the State Highway Commission of Virginia to acquire title to two strips of land in Prince William county, owned by Eastman Keys. In the printed record before us the area is, in the exhibit with the petition, stated to be .94 of an acre, in the report of the commissioners as 1.94 acres, more or less, and in the notice as 1.95 acres, more or less.

Acting pursuant to authority given under section 1969-j, Code of Virginia 1924, the chairman, on July 1, 1925, paid the clerk of the Circuit Court of Prince William county the sum of $195.00, which he estimated

as the value of the compensation and damages due Keys, and entered upon and took possession of the land deemed necessary for the purpose, and then proceeded with the construction of the highway. The chairman and the owner being unable to agree upon the compensation and damages which were occasioned thereby, the chairman instituted condemnation proceedings, as provided by section 10 of the act, to ascertain the compensation and damages which should be awarded the owner of the property. The commissioners who were duly appointed and qualified, made and filed their report on July 1, 1926, by which they awarded Keys the sum of $1,950.00 as damages and compensation. On September 8, 1926, the chairman filed certain exceptions to the commissioners' report. The record discloses neither these exceptions nor the reasons therefor. The case was continued from term to term until February 9, 1928, when the chairman was permitted to withdraw his exceptions to the commissioners' report dated September 8, 1926. Keys thereupon moved the court to enter judgment in his favor upon the award of the commissioners, which motion the court overruled. Whereupon, on motion of the chairman, the court dismissed the proceeding, removed the case from the docket and entered judgment in favor of Keys against the chairman for the costs.

Eastman Keys' only assignment of error is: "The lower court committed error in refusing to enter a final order confirming the commissioners' report, with judgment for the award, but dismissing said cause on motion of the plaintiff, in lieu thereof."

The following sections of the Code are pertinent to the question under consideration:

Section 1969-j, Code of 1924, under which the chairman proceeded, reads in part as follows: "In addition

to the exercise of the power of eminent domain, as provided by the preceding part of section ten of this act (this section), the chairman is hereby authorized to enter upon and take possession of such rights of way for the purposes set out in section ten of this act, as the chairman may deem necessary, and proceed with the construction of such highway. Within sixty days after the completion of the construction of such highway, if the chairman and the owner, or owners, of such land are unable to agree as to compensation and damages, if any, caused thereby, the said chairman shall institute condemnation proceedings as provided by section ten of this act; and the amount of such compensation and damages, if any, awarded to the owner in such proceedings shall be paid out of the State highway fund, the said chairman to pay to the landowner or into court, or to the clerk thereof, for his benefit, such sum as he shall estimate to be the fair value of the land taken and damage done before entering upon such land for construction purposes, provided such payment shall in no wise limit the amount to be allowed under proper proceedings."

Section 4369 reads:

"4369. *When report to be returned, confirmed and recorded; to whom compensation for damages may be paid; receipt; acknowledgement and recordation; vesting of rights or property.*—The said report, and the certificate of the officer administering the oath, shall be forthwith returned to the clerk's office of such court of the county or city, where it shall remain for at least thirty days, after which, unless good cause be shown against the report, the same shall be confirmed by the court or by the judge thereof in vacation. The sum so ascertained to be a just compensation, and the measure of damages, if any, may be paid to the persons entitled

thereto, or into court, and, when paid to the persons entitled thereto the receipt for the same, when witnessed by two witnesses or acknowledged before a person duly authorized to take acknowledgments of deeds, together with the report, shall be recorded by the clerk of the court, and both the report and the receipt, when so recorded, duly indexed by the clerk. Upon such payment, either to the person entitled thereto or into court, and confirmation of the report, the title to the part of the land and to the other property taken for which such compensation is allowed, shall be absolutely vested in the company in fee simple    *    *    *."

Section 4387 reads:

"4387. *When appointment of commissioners to be vacated; when report vacated.*—If, in any proceeding under the provisions of this chapter, the commissioners shall fail to report as hereinbefore provided within one year from the date of the order appointing them, such appointment shall *ipso facto* be vacated, and proceedings shall thereafter be had *de novo* for the appointment of other commissioners, but this section shall not be so construed as to preclude the appointment of any one or more, or all, of the former commissioners. If, in any such proceeding, the amount or amounts ascertained by the commissioners as aforesaid be not paid either to the party entitled thereto, or into court, within three months from the date of the filing of the report of the commissioners, the proceedings shall, on the motion of the party condemning, or of any defendant, be vacated and dismissed as to him, but not otherwise; but if such proceedings be dismissed on the motion of the condemning party, judgment shall be entered against such party for all costs and reasonable attorney's fee actually incurred by any defendant." (1902–3–4, page 957, section 27; 1906, page 452; 1916, page 758.)

On motion of the chairman, then, under section 4387, the court dismissed the cause from the docket, without safeguarding or determining the rights of the parties.

■ It is true that "at any time before any rights have vested," the court had the absolute right, on motion of the chairman, to dismiss the proceedings. *Board of Supervisors* v. *Proffit*, 129 Va. 17, 105 S. E. 666.

■ This case, while in many respects controlled by the general eminent domain statute, is a special proceeding under section 1969-j of the chapter on the State highway system, by which the petitioner is authorized to take possession of the property sought to be condemned and have commissioners thereafter ascertain and award the compensation and damages after the work has been completed.

■ Acting under this section, the chairman took possession of the land needed for the highway, completed the construction of the same within sixty days, and presumably the land is in use as part of a highway. The defendant, Keys, has been deprived of his property and has not received any compensation or damages for the injury done him, and the Commonwealth has no title to the land. In such a situation, each party has vested rights in the controversy, and the proceeding should not be dismissed, except by consent, until these are determined. It has been suggested by counsel for the chairman that he desired to condemn and acquire wider strips of land for the road than those originally deemed sufficient. The court should not have dismissed the proceeding without either deciding the rights of the parties in this proceeding, or retaining the case until, in some appropriate proceeding, they could be determined.

The order will be reversed and the case remanded, with instruction to the circuit court to reinstate the

same upon its docket, precisely as it was before the erroneous order of February 9, 1928, was entered, for such further proceedings as may be necessary for the protection of the rights of the parties.

*Reversed and remanded.*