## No. 14,892.

JOHNSON ET AL. *v.* CLIMAX MOLYBDENUM COMPANY.

(124 P. [2d] 929)

Decided April 13, 1942.

Mr. BENJAMIN C. HILLIARD, JR., Mr. GEORGE A. TROUT, Mr. BART W. O'HARA, for plaintiffs in error.

Mr. BARNEY L. WHATLEY, Mr. WALTER E. SCHWED, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

DEFENDANT in error, to which we hereinafter refer as the petitioner, instituted the proceeding at bar under the Eminent Domain Act, to condemn a right of way, containing 3.4 acres of land, across certain mining claims belonging to plaintiffs in error (respondents) for a ditch to convey water for the use of petitioner's employees and for its mining and milling operations. Coincidentally, in compliance with section 47, chapter 61, '35 C.S.A., the petitioner obtained immediate possession of the right of way by making the statutory deposit in the sum of $119.00, the amount fixed by order of the court. Sometime after the cause was at issue, but before any trial had been had, or a day set therefor, postponements having been had from time to time by mutual agreement of the parties, the petitioner, alleging that it had abandoned the use of the right of way and ditch in concern, moved for an order dismissing and discontinuing the condemnation proceeding, at its cost, and asking for the return of the deposit theretofore made in acquiring the immediate possession of the premises. Respondents objected to the granting of such motion in advance of an adjudication and award to them in the pending proceeding, of damages for the loss of the use and enjoyment of their premises during petitioner's occupancy thereof under the order for immediate possession, and, additionally, for injury to their lands, both within and without the area of the projected right of way, resulting from the construction of ditches thereon by petitioner during the period of its monopolization thereof.

After arguments the district court granted the motion for discontinuance and ordered the case dismissed at petitioner's cost, but required that the deposit should be "retained by the Clerk of this Court for a reasonable time, to-wit: not to exceed one year from the date hereof, provided, however, if respondents appeal to the Supreme Court of Colorado and cause Writ of Error to be issued herein within one year from this date then said sum shall be retained by the Clerk of this Court

for a period of one year from date remittitur is issued herein by the Supreme Court of Colorado."

Consistently with their position below, respondents here contend that the district court erred in refusing to retain jurisdiction of the case for the purpose of determining the damages allegedly suffered by them on account of the occupancy of their land by the petitioner subsequent to the taking and previous to the abandonment of the project.

It is to be observed that the question here presented does not involve a consideration of the authority of the district court to order payment to the landowner of costs and expenses in an eminent domain proceeding, as equitable terms to an abandonment and discontinuance by the erstwhile condemner, as was one of the problems in *Denver & Rio Grande R. R. Co. v. Mills,* 59 Colo. 198, 147 Pac. 681, but relates solely to the recovery of damages for injuries allegedly occasioned by the entry and temporary possession of the petitioner. The disposition herein made by the district court, both as to the proceedings and deposit, appear to be in strict accord with the decision in *Denver & New Orleans R. R. Co. v. Lamborn,* 8 Colo. 380, 8 Pac. 582, wherein we held that, under our eminent domain statute the condemner retains the right to abandon the project and discontinue the proceedings at any time prior to the payment or deposit of the sum finally awarded by the certificate of commissioners or the verdict of the jury as compensation for the taking, notwithstanding that previously such condemner may have procured a statutory order for possession and actually taken such possession pending the condemnation proceedings. In other words, even though the petitioner obtains possession pendente lite by a statutory order, he may discontinue such possession upon the abandonment of the objective at any time before he has secured a vested right to the property condemned, when reciprocally the landowner acquires a vested right to compensation for the taking. The

opinion in the Lamborn case recognizes that such privilege to discontinue does not relieve a condemner, who has enjoyed the temporary possession of the premises, from liability to the landowner for damages flowing therefrom, and states: "The latter may, within a reasonable time, have his action for all damages occasioned by the occupancy and use; and the sum deposited by petitioner [for immediate possession] is a security for the payment of such damages when ascertained." This language clearly imports that damages of the character here claimed by respondents are to be recovered in a separate action. Such is generally the practice where no statute providing otherwise intervenes. See, 30 C.J.S., p. 17, §339, and 20 C.J., p. 1088, §464, and cases there cited. This procedural requirement arises from the circumstance that where a condemner, who has gained temporary possession of the property sought to be condemned under a statutory order, abandons such premises and discontinues the proceeding, the justification for his occupancy is lost and thereupon he is relegated to the status of a trespasser ab initio on the premises. *Enid & A. Ry. Co. v. Wylie,* 14 Okla. 310, 78 Pac. 96; *Cherokee Nation v. Southern Kan. Ry. Co.,* 135 U. S. 641, 10 Sup. Ct. 965, 34 L. Ed. 295. Thus, in the instant controversy, the gravamen of the claim for damages for occupancy and use is not in the institution of the eminent domain proceedings but in the resulting trespass. In these circumstances the action for damages, if instituted, of necessity must sound in tort and involve essentials, both in the pleading and trial thereof, not properly subjects for consideration in a condemnation proceeding under our statute. If such action is so independently prosecuted within a reasonable time, respondents are protected in their recovery to the extent of the amount of the deposit the district court ordered to be retained as security for any damages recovered. See *Denver & New Orleans R. R. Co. v. Lamborn, supra,* and as reported in 9 Colo. 119, 10 Pac. 797. For a general

discussion of the right of a landowner to damages on discontinuance of condemnation proceedings, see 18 Am. Jur., pp. 1013, et seq., §§371, 372.

Certain decisions from other jurisdictions cited by respondents, approving an assessment of damages in condemnation proceedings upon an attempted. discontinuance or dismissal, are without authoritative effect here, either because of being grounded upon statutes dissimilar to those of Colorado or by basic conflict with the principles announced in *Denver & New Orleans R. R. Co. v. Lamborn, supra* (Of such are *Clarke v. Manchester*, 56 N. H. 502; *Guaranty Loan & Trust Co. v. Helena Improvement District*, 148 Ark. 56, 228 S.W. 1045, and *Kansas City Ry. Co. v. Kirby* [Tex. Civ. App.] 150 S.W. 228), or by reason of diverse fractual and procedural situations as in *Johnson City v. Unaka Milling Co.*, 7 Tenn. Civ. App. 490 (possession of premises retained by condemner). The case of *Keys v. Shirley*, 153 Va. 461, 150 S.E. 401 (highway built and being used when dismissal sought: statute different), comes within both the foregoing categories. In the case of *Johnson City Southern Ry. Co. v. South & Western R. R. Co.*, 148 N.C. 59, 61 S.E. 683, both party railroad companies were seeking the use of portions of the same right of way. By preliminary order the Johnson company secured possession pendente lite on condition that it file a bond for $1,000, which it did. Commissioners were then appointed to award compensation for the taking. Subsequently they fixed and reported the amount thereof, which the Johnson company paid into court. In the interim the other railroad company challenged the right of the Johnson company to condemn. The latter then sought to take a voluntary nonsuit. The trial court denied such motion, and upon hearing held that the Johnson company was without the right to condemn. On review, this judgment was affirmed. The Supreme Court held, differently from the rule in Colorado, that the granting of the motion for nonsuit was within the dis-

cretion of the trial court as in an equity case and that the facts supported the denial of the Johnson company's right to condemn. The appellate court then ordered that damages upon the bond arising from the interim possession should "be assessed by a jury or otherwise, if the parties so elected at the next term of said court. Revisal, sec. 1542." This analysis discloses the inapplicability of such decision to the question here under consideration. Further, it is to be noted, that since therein the condemner had paid the compensation awarded for the actual taking, he would not have been entitled to a discontinuance under our practice in any event. *Denver & New Orleans R. R. Co. v. Lamborn, supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE BOCK concur.