## Richmond

### WILLIAM RANDOLPH WRIGHT, ET AL.

### V.

### NORFOLK ELECTORAL BOARD, ET AL.

January 22, 1982.

Record No. 791-154.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ.

150

*Howard E. Copeland (Albert Teich, Jr.; Montagna & Copeland,* on brief), for appellants.

Harold P. Juren, Deputy City Attorney (Philip R. Trapani, City Attorney; Martha G. Rollins, Assistant City Attorney, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The charter of the City of Norfolk, Sections 30-34,* provides the people of the City the right of initiative. By circulating petitions and following the procedures outlined in the sections, citizens may propose ordinances to be submitted to the voters for approval. If the required prerequisites are met, the election is held, and the ordinances, if approved, become law.

Pursuant to this initiative procedure, a committee of citizens (the appellants) petitioned the lower court to order an election submitting to the voters an ordinance setting the real estate tax rate of the City at $1.15 per one hundred dollars of assessed valuation. The Norfolk Electoral Board and the City of Norfolk (collectively, the City) intervened and objected to the election.

The City argued that submitting the proposed ordinance to the voters would violate the Virginia Constitution and that all the technical requirements of the initiative procedure had not been met. The trial court sustained these contentions. On appeal, our consideration of the constitutional issue makes unnecessary a discussion of the other points raised by the parties.

Article VII, Section 2, of the Virginia Constitution provides in part that "[t]he General Assembly may also provide by special act for the organization, government, and powers of any county, city, town or regional government, including such powers of legislation, taxation, and assessment as the General Assembly may determine . . . ." Section 7 of the same article states:

No ordinance or resolution appropriating money exceeding the sum of five hundred dollars, imposing taxes, or authorizing the borrowing of money shall be passed except by a recorded affirmative vote of a majority of all members elected to the governing body . . . .

On final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded. [Emphasis added.]

* See Appendix.

Relying on these provisions, the City argues that its power to tax resides in the local governing body and cannot be exercised by the people through the use of initiative.

The people of Virginia, through their Constitution, granted sovereignty to the Commonwealth for their common benefit, protection, and security. Va. Const., art. I, §§ 2-3. To carry out these functions, the sovereign is granted certain powers by the Constitution. One of these powers, that of taxation, is not only provided for in Article X of the Constitution, but is an inherent attribute of sovereignty. *Greenough* v. *Tax Assessors,* 331 U.S. 486 (1947).

A municipal corporation, unlike a state, is not a sovereign at common law. Municipalities are created by the state and may be abolished by it. The state may delegate certain of its powers to the municipality and change this delegation at will. *Hunter* v. *Pittsburgh,* 207 U.S. 161 (1907); *Covington* v. *Kentucky,* 173 U.S. 231 (1899); *Commonwealth* v. *Arlington County Bd.,* 217 Va. 558, 232 S.E.2d 30 (1977).

The power of the Commonwealth to create and control municipal corporations is limited by the State Constitution. Thus, while Article VII, Section 2, provides that the General Assembly may grant to local governments the powers of legislation, taxation and assessment, the taxing power is constrained by the provisions of Article X. *See Fallon Florist* v. *City of Roanoke,* 190 Va. 564, 58 S.E.2d 316 (1950); *Powers* v. *Richmond,* 122 Va. 328, 94 S.E. 803 (1918), *appeal dismissed,* 251 U.S. 539 (1919). Similarly, Section 7 of Article VII mandates how certain of the powers mentioned in Section 2 are to be exercised.

We have recognized in the past that initiative provisions of a city charter are not unlimited. In *Whitehead* v. *Development Corporation,* 204 Va. 144, 129 S.E.2d 691 (1963), we held that initiative and referendum provisions are applicable to legislative, but not administrative or executive matters. Our conclusion was that the General Assembly was familiar with this limitation at the time it approved the initiative provision. *Id.* at 151, 129 S.E.2d at 696. In the present case, we assume that the General Assembly, in including the initiative provision in the Norfolk Charter, was mindful of the limitations set out in Article VII and did not attempt to improperly delegate the State's power of taxation.

Sections 2 and 7 of Article VII, when read together, limit the power of the General Assembly in establishing municipal corpora-

tions. In order to insure fiscal responsibility, while at the same time providing for the smooth functioning of city operations, Section 7 establishes the procedures that must be followed in setting taxes at the local level. The use of any other procedure, even if sanctioned by the General Assembly, would be violative of the Constitution.

■ The appellants seek to rely on Article I, Section 2, which states "[t]hat all power is vested in, and consequently derived from, the people," and Section 6 which reads "that all men . . . have the right of suffrage, and cannot be taxed . . . without their own consent." We, of course, stand by these principles which provide not only the foundation for our State but for the Nation as well. However, we have held in the past that general language in the Constitution will give way to the specific. *Pierce* v. *Dennis,* 205 Va. 478, 138 S.E.2d 6 (1964); *Fallon Florist,* 190 Va. at 574, 58 S.E.2d at 320.

Our decision today neither abridges the rights of the people nor constitutes taxation without representation. The people, through the Constitution, have established the limitations set out in Article VII. The people, through their right to elect local and state officials and to amend the Constitution, retain ultimate control.

■ For the reasons stated, we are of opinion that the attempt by the appellants to set the tax rate of the City of Norfolk by initiative is unconstitutional. Therefore, the judgment of the trial court will be affirmed.

*Affirmed.*

## *APPENDIX*

### Initiative

## Sec. 30. Petition.

Any proposed ordinance or ordinances, including ordinances for the repeal or amendment of an existing ordinance, may be submitted to the council by petition signed by qualified voters equal in number to ten per cent of the number of electors who cast their votes at the last preceding regular municipal election for the election of councilmen. Such petition shall contain the proposed ordinance in full, and shall have appended thereto or written thereon the names and addresses of at least five qualified voters, who shall be officially regarded as filing the petition, and who shall constitute a committee of the petitioners for the purposes hereinafter stated.

## Sec. 31. Time of filing.

All papers comprising the petition shall be assembled and filed with the city clerk, as one instrument, within one hundred and twenty days from the date of the first signature thereon, and when so filed the clerk shall submit the same to the council at its next regular meeting, and provision shall be made for public hearings upon the proposed ordinance.

## Sec. 32. Petition for election.

The council shall at once proceed to consider such petition and shall take final action thereon within thirty days from the date of the submission thereof. If the council rejects the proposed ordinance, or passes it in a form different from that set forth in the petition, or fails to act finally upon it within the time stated, the committee of the petitioners may require that it be submitted to a vote of the electors in its original form, or that it be submitted to a vote of the electors with any proposed change, addition or amendment, by the following procedure: Said committee shall present to the clerk of the corporation court of said city a petition for such election, addressed to said court and signed by qualified voters equal in number to twenty-five per cent of the number of electors who cast their votes at the last preceding regular municipal

election for the election of councilmen, but in no case signed by less than four thousand qualified voters of the city. Said petition shall contain the proposed ordinance in full in the form in which it is proposed to submit the same to the electors. The said petition and all copies thereof shall be filed with the clerk of said court as one instrument. Within ten days after the filing thereof the said clerk shall ascertain and certify thereon whether the required number of qualified voters have signed the same. If it be found that the required number of qualified voters have signed the said petition, then the said petition, with the certificate of the said clerk thereon, shall be presented by said committee to the corporation court of said city, or to the judge thereof in vacation, and thereupon the said court, or the judge thereof in vacation, shall forthwith enter an order calling and fixing a date for holding an election for the purpose of submitting the proposed ordinance to the electors of the said city. Any such election shall be held not less than thirty nor more than sixty days after the date of the entering of said order. If any other election is to be held within the said period said court or the judge thereof shall direct that such proposed ordinance shall be submitted to a vote of the electors at such election. At least ten days before any such election the clerk of the said court shall cause such proposed ordinance to be published once in one or more newspapers of general circulation published in said city.

## Sec. 33. Ballots and method of voting.

The ballots used when voting upon any such proposed ordinance shall state the title of the ordinance to be voted on, and the ballots and method of voting shall conform to the provisions of section 24-141 of the Code of Virginia.

If a majority of the electors voting on such proposed ordinance shall vote in favor thereof, it shall, upon the ascertainment and certification of the results of such election by the commissioners of election, become an ordinance of the city.

## Sec. 34. Ordinances adopted by the electors; how amended or repealed.

No ordinance adopted by the vote of the electors, as herein provided, shall be repealed or amended, except by vote of the elec-

tors; but the corporation court of said city, or the judge thereof in vacation, may, on request of the council, by resolution, order an ordinance to repeal or amend any ordinance so adopted, to be submitted to the electors at any regular election, or at any special municipal election called for some other purpose, provided that the clerk of said court shall cause notice of the proposed submission of such ordinance repealing or amending an ordinance, to be published once in one or more newspapers of said city not more than sixty nor less than thirty days prior to said election. If an amendment is so proposed such notice shall contain the proposed amendment in full, and such submission shall be the same manner and the vote shall have the same effect as in the case of an ordinance submitted to election by popular petition.