400 S.E.2d 172 (1991)
William H. TROUT, et al.
v.
COMMONWEALTH TRANSPORTATION COMMISSIONER OF VIRGINIA.
Record No. 900259.
Supreme Court of Virginia.
January 11, 1991.
Glenn H. Silver (C. Thomas Brown, Rust, Rust & Silver, on briefs), Fairfax, for appellants.
James F. Hayes, Sr. Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., K. Marshall Cook, Deputy Atty. Gen., Richard L. Walton, Jr., Sr. Asst. Atty. Gen., Stephen C. Price, Price & Zimmerman, on brief), Leesburg, for appellee.
Present: All the Justices.
RUSSELL, Justice.
The sole question presented in this eminent domain appeal is whether a condemnor, who has obtained defeasible title to condemned land by recording a certificate of deposit, may terminate condemnation proceedings as a matter of right by taking a nonsuit. We answer the question in the negative.
On March 13, 1989, the Commonwealth Transportation Commissioner of Virginia (the Commissioner), acting pursuant to Code § 33.1-121, caused a certificate of deposit to be recorded among the land records of Loudoun County. The effect of the recordation was to vest in the Commissioner defeasible title to a 0.9892-acre tract situated at the intersection of Routes 7 and 28, formerly owned by William H. Trout and Barbara A. Trout (the owners). On March 24, 1989, the Commissioner filed a petition for condemnation in the circuit court. The court appointed commissioners to ascertain compensation and continued the case to December 12, 1989, for trial.
Pursuant to Rule 4:1(b)(4), the owners addressed interrogatories to counsel for the Commissioner, requesting that the Commissioner identify any expert witnesses he intended to call at trial and provide summaries of their expected testimony. In response, the Commissioner filed only incomplete answers to the interrogatories. The court, on the owners' motion, entered an order on December 1, 1989, compelling the Commissioner to provide "complete and full responses" on or before December 6.
When the case came to trial on December 12, the Commissioner had not complied with the court's order. The owners made a motion in limine to preclude the Commissioner from adducing any expert testimony at trial. The court granted the motion. *173 The Commissioner then made a motion for a continuance, which the court denied.
Faced with this unappealing prospect, the Commissioner moved the court for a voluntary nonsuit pursuant to Code § 8.01-380. The owners indicated that they would agree to a voluntary dismissal of the proceeding if the Commissioner would pay the expert witness fees, attorneys' fees, and other costs they had incurred in trial preparation, but objected to a nonsuit which would deny them such compensation. The court took the question under consideration and, on December 21, issued a letter opinion ruling that the Commissioner was entitled to a nonsuit. The court entered an order on January 5, 1990, nonsuiting the proceeding without compensation to the owners. We granted the owners an appeal.
The power of eminent domain is vested in the Commissioner by Code § 33.1-89. The procedure governing highway condemnation proceedings was, prior to 1970, "mutatis mutandis the same as is prescribed by law for railroad corporations," except as altered by former Title 33. Michie Code 1942, § 1969j(2); Code 1950, § 33-59. In 1970, a self-contained procedure was prescribed in Title 33.1 for highway condemnations. Acts 1970, c. 322; Code § 33.1-98 (1970 Repl.Vol.). There were no statutory provisions permitting the condemnor to dismiss the proceeding without the owners' consent. There were provisions, still in force, authorizing the court to invalidate a certificate of deposit upon the condemnor's motion, but the owner was given the right to pursue a claim for damages caused thereby "in the proper proceeding." Code § 33.1-125.
In 1972, § 33.1-98 was again amended to provide a cross reference to Title 25. Acts 1972, c. 765. The statute presently provides: "Proceedings for condemnation under this article shall be instituted and conducted in accordance with the procedures provided in Chapter 1.1 (§ 25-46.1 et seq.) of Title 25 of this Code, except that the provisions of §§ 33.1-119 through 33.1-132 shall be applicable to such proceedings." Code § 33.1-98.
The cross reference above is to the Virginia General Condemnation Act, Code §§ 25-46.1 et seq., which provides that all condemnation proceedings shall be brought and conducted according to its provisions "[u]nless otherwise specifically provided by law." Code § 25-46.2 (emphasis added). That act contains a provision permitting a condemnor to obtain a voluntary dismissal of a condemnation proceeding, as a matter of right, if no hearing has begun, if the condemnor has not acquired title or a lesser interest in the property, if the condemnor has not taken possession of the property, and if the condemnor pays the owners their reasonable expenses actually incurred in preparation for trial. Code § 25-46.34(a). Subsequent subsections provide for dismissal, subject to similar conditions, after a hearing has begun, or at any time by stipulation of the parties, but there are no provisions giving the condemnor authority to dismiss the proceeding as a matter of right after he has acquired an interest in, or taken possession of, the property. Similarly, Title 33.1, relating to highway condemnations, is silent with respect to dismissal after the Commissioner has acquired title or taken possession.
Against that background, the trial court held that the nonsuit statute, Code § 8.01-380, applied. That section permits a party to suffer a voluntary nonsuit as a matter of right "as to any cause of action or claim," subject to specified conditions. The court referred to the definition of "action" in Code § 8.01-2 as including "all civil proceedings whether at law, in equity, or statutory in nature." Because the word "action" is included in "cause of action," the court held that the nonsuit statute was made specifically applicable to condemnation proceedings by its own terms. Although Code § 25-46.2 provides that the Virginia General Condemnation Act governs all condemnation proceedings "[u]nless otherwise specifically provided," the court held that the nonsuit statute was indeed such a specific provision.
We do not agree with that analysis. An "action" and a "cause of action" are quite different. "Action" is defined by Code *174 § 8.01-2, as noted above. We defined "cause of action" in Roller v. Basic Construction Co., 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989), as "a set of operative facts which, under the substantive law, may give rise to a right of action." Because of that difference, there are no express terms in the nonsuit statute making it specifically applicable to condemnation proceedings.
The right to take a nonsuit on the eve of trial, notwithstanding a defendant's loss of time and expense incurred in preparation, and notwithstanding any disruption which may result to the court's docket, is a powerful tactical weapon in the hands of a plaintiff. The General Assembly has provided, in Code § 8.01-380, several conditions to give balance to the exercise of that right. Nonsuit remains, however, distinctly a weapon in the arsenal of a plaintiff.
As we recently pointed out in Hamer v. School Bd. of the City of Chesapeake, 240 Va. 66, 72-73, 393 S.E.2d 623, 627 (1990), the parties to a condemnation proceeding are not in the position of plaintiffs and defendants in traditional actions or suits. The exercise of the power of eminent domain, and the implementation of the constitutional just-compensation clause which circumscribes it, grow out of an entirely different history. Traditional burden-of-proof rules are inapplicable to condemnation cases. Id. at 73-74, 393 S.E.2d at 628. The petitioner in a condemnation case is, therefore, not a traditional plaintiff. Although he has the statutory duty to institute the proceeding, he has no ultimate "risk of nonpersuasion." Id. at 74, 393 S.E.2d at 628.
Indeed, after the condemnor has acquired title and instituted the proceeding for the ascertainment of just compensation, he is in the position of a defendant. The owner is the party seeking an award of compensation and damages; the condemnor's interest is to defend against an excessive award. The condemnor, therefore, is not entitled to nonsuit the proceeding over the owner's objection because of any traditional advantages inhering in the position of a plaintiff in an action at law.
When the 1972 amendment transferred highway condemnation proceedings to the Virginia General Condemnation Act, such cases became subject to Code § 25-46.34, which, as noted above, permits dismissal by the condemnor as a matter of right where no title or possession has been acquired, but makes no provision for such a dismissal after the condemnor has acquired an interest in, or possession of, the property. We think the legislative silence on this subject is significant.
Prior to the adoption of the present statutory scheme, we had held in Board of Supervisors v. Proffit, 129 Va. 9, 16-17, 105 S.E. 666, 668 (1921), that the petitioner in a highway condemnation had the absolute right to dismiss the proceedings "at any time before any rights have vested" (emphasis added). In Keys v. Shirley, 153 Va. 461, 466, 150 S.E. 401, 402-03 (1929), however, we reversed a dismissal of a highway condemnation case, where no compensation had been paid to the owner for his costs and expenses, after the Commissioner had taken possession of the land. There, we said:
[P]resumably[,] the land is in use as part of a highway. The [owner] has been deprived of his property and has not received any compensation or damages for the injury done him, and the Commonwealth has no title to the land. In such a situation, each party has vested rights in the controversy, and the proceeding should not be dismissed, except by consent, until these are determined.
In subjecting highway condemnations to the Virginia General Condemnation Act, the General Assembly was, presumably, aware of the state of the law established by Proffit and Keys. See Wicks v. Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974), appeal dismissed, 421 U.S. 901, 95 S.Ct. 1548, 43 L.Ed.2d 769 (1975). The language of Code § 25-46.34, made applicable to highway condemnations by the 1972 amendment, indicates a legislative intent to leave that state of the law undisturbed. Accordingly, we conclude that a condemnor has no right to a nonsuit or a voluntary dismissal of a condemnation proceeding, without the owners' consent, after *175 any interest in, or possession of, the property has been acquired.
For that reason, we will reverse the order of dismissal and remand the case to the trial court for further proceedings.
Reversed and remanded.