# Herbert M. Collins, Sr., et al.

## v.

# City of Norfolk, Intervenor

Record No. 911906

November 6, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy and Keenan, JJ.,
and Poff, Senior Justice

*Andrew M. Sacks (Sacks, Sacks & Imprevento,* on briefs), for appellants.

*Jack E. Greer; M. Wayne Ringer (Philip R. Trapani, City Attorney; Daniel R. Hagemeister, Assistant City Attorney; Williams, Kelly & Greer,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

The dispositive issue in this appeal is whether the trial court erred in ruling that a referendum election authorized by a city charter provision violates the Constitution of Virginia, when the referendum seeks to amend a city ordinance insofar as it appropriates sums for two items in the city's capital improvement budget.

The facts pertinent to the issue are undisputed. In May 1991, the City Council of Norfolk enacted Ordinance No. 36,448 "approving the Capital Improvement Program Budget for the fiscal year 1991-92, appropriating the sum of $87,063,000 for certain projects from the sources indicated therein, authorizing an issue of bonds for a portion thereof, and authorizing the undertaking of all projects therein."

The Budget contained 83 line items. Item 11 was for "Town Point Park/Nauticus," a maritime center, for which the Budget allocated $4 million for planning, design, and construction. Item 37 was for "Waterside Stadium," a baseball park, for which the Budget allocated $700,000 for planning and design. The funding source for both projects was to be a bond issue.

Appellant Herbert M. Collins, Sr., and others, as "the Committee of the Petitioners for a Referendum on Ordinance No. 36,448" (the Petitioners), sought a referendum election, in the language of the

petition, ''to amend the Capital Improvement Program Budget . . . by deleting and repealing'' the funding for both the Nauticus project and the Stadium project. Following preliminary proceedings, the petition for referendum was presented to the trial court, and appellee City of Norfolk intervened.

Following a hearing in September 1991, the trial court ruled that the referendum ''would be in violation of the Virginia Constitution'' and dismissed the petition with prejudice. The Petitioners appeal.

■ Enacted by the General Assembly of Virginia, the Norfolk City Charter contains provisions for initiative and referendum. Norfolk, Va., Charter §§ 30-48 (1979). Specifically, Section 35 of the Charter permits the filing of a petition for referendum requesting that an ordinance ''be repealed, or amended, as stated in the petition.''

The Constitution of Virginia, as relevant here, provides: ''No ordinance or resolution appropriating money exceeding the sum of five hundred dollars, imposing taxes, or authorizing the borrowing of money shall be passed except by a recorded affirmative vote of a majority of all members elected to the governing body'' of a county, city, or town. Va. Const. art. VII, § 7.

Relying on *Wright* v. *Norfolk Electoral Board*, 223 Va. 149, 286 S.E.2d 227 (1982), the trial court concluded ''that the City Charter referendum provision in and of itself is not unconstitutional, but that the use of the referendum process [for] the purpose of repeal of these two items of the city budget would be unconstitutional'' because the process amends ''appropriation and budget measures.'' In *Wright*, we held that an attempt to set the real estate tax rate of the City under the initiative provisions of Norfolk's Charter violated Article VII, Section 7, of the Constitution because Section 7 fixes the exclusive procedure for setting taxes at the local level. *Id.* at 153, 286 S.E.2d at 229.

On appeal, the Petitioners argue that the City has failed to demonstrate ''that the presumptively valid and constitutional Norfolk City Charter provisions are unconstitutional when applied to Petitioners' requested referendum.'' Petitioners contend that Article VII, Section 7, on its face, speaks in terms of the passage of ordinances and is inapplicable here because a referendum does not seek to ''pass'' anything but rather seeks to repeal an existing and already passed ordinance.

The Petitioners assert that *Wright* should be limited to the specific facts and procedures in that case. According to Petitioners, this Court, in ruling Section 7 "overrode the initiative provisions of the Norfolk City Charter, . . . merely stated the obvious, to-wit, that the *passage* of laws, as contemplated by Section 7, is the equivalent of an initiative process." The referendum process seeking "to suspend and repeal" is "quite different," argue the Petitioners. We do not agree.

■ For the purpose of constitutional analysis in this case, there is no distinction between initiative and referendum. Initiative may result in the enactment of a law; statutory referendum may result in the repeal of a law. Both, however, are legislative in nature and effect. The Petitioners' argument that a referendum does not seek to "pass" anything ignores Sections 35 and 37 of the Norfolk Charter, which provide that the petition shall contain the proposed amendment to the challenged ordinance and that, if approved by the voters, the amended ordinance shall go into effect as an ordinance of the City.

■ Therefore, because there is no difference between initiative and referendum in this context, *Wright* controls our decision. In *Wright*, an amendment of a tax ordinance was being sought; in this case, an amendment of an appropriations ordinance is being sought. The fact that *Wright* involved a tax ordinance and this case involves an ordinance for the appropriation of money does not lessen the applicability of *Wright* because Article VII, Section 7, addresses taxes and appropriations on equal terms. And, the fact that Section 7 speaks to the "passage" of ordinances is of no significance. Implicit in Section 7 is the proposition that once "passed" by the governing body, the law can be repealed by that body only. As we have said, both enactment and repeal are legislative in nature.

■ Actually, Petitioners' proposed referendum on two line items out of an 83-line item capital improvement budget would give voters a line item veto over the City Council's attempt to "pass" a budget. Allowing such a line item veto would be allowing an ordinance appropriating money, specifically Ordinance No. 36,448, to come into effect, or in other words to be "passed," by a process other than the affirmative vote of a majority of all members elected to City Council. Whether the electorate would vote to "suspend and repeal" the two line items or not, the Petitioners' proposed referendum still would violate the process by which an ordinance appropriating money constitutionally may be passed because the end result

of the referendum would be that Ordinance No. 36,448 would take effect with either 83 line items or with 81 line items.

■ Consequently, we hold that the trial court correctly determined that the referendum provisions of Norfolk's Charter are unconstitutional as applied to an effort to amend an ordinance appropriating sums for items in the City's capital improvement budget. Paraphrasing *Wright*, we conclude that Article VII, Section 7, establishes the procedures that must be followed in appropriating money at the local level. ''The use of any other procedure, even if sanctioned by the General Assembly, would be violative of the Constitution.'' *Id.* at 153, 286 S.E.2d at 228.

Because of the view we take of the case, we find it unnecessary to address other issues raised by the parties. Thus, the judgment of the trial court dismissing the petition will be

*Affirmed.*