Present:  All the Justices

COMMITTEE OF THE PETITIONERS FOR
REFERENDUM, BY WILLIAM S. KERRY,
AND OTHERS

v.  Record No. 061329    OPINION BY JUSTICE ELIZABETH B. LACY
                                      June 8, 2007
CITY OF NORFOLK, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Alfred W. Swersky, Judge

In this appeal we consider whether the circuit court erred in holding that a petition filed in a referendum process did not comply with the requirements of that process and in allowing certain parties to intervene and challenge the validity of the petition.

Facts and Proceedings

Since the 1980s, the City of Norfolk has targeted the Ocean View area for revitalization.  As part of that effort, on July 19, 2005, the Norfolk City Council adopted four related ordinances affecting 17 acres of land owned by the Norfolk Redevelopment and Housing Authority (NRHA) and 3 privately owned acres (the Property).  The first, Ordinance No. 41,934, closed a portion of 4th Bay Street that runs directly through the Property.  The second, Ordinance No. 41,935, amended the City's zoning ordinance to include a new planned development district designed specifically for the Property.  The third, Ordinance No. 41,936, mandated certain

open space and public area and facility requirements.  The fourth, Ordinance No. 41,937, rezoned the property from R-12 (medium-density residential) and IN-1 (institutional) to the new planned development zoning category created via Ordinance No. 41,935.  Under the ordinances, only single-family dwellings and town homes would be constructed and at least one-half of the Property would be dedicated as open space.

A number of Norfolk residents opposed the development of the Property as a planned residential community.  The residents decided to utilize the referendum process set out in the Norfolk City Charter to repeal the ordinances by popular vote.  The referendum process required that the residents file documents announcing their intent to circulate the petition necessary to place the matter on the referendum ballot, secure a specified number of signatures for that petition, and present the petition to the City Council.  Norfolk City Charter § 35.  If the City Council did not repeal the ordinances within 30 days, the residents were required to request that the petition be sent to the circuit court for entry of an order placing the question on the ballot and setting the election date.  Norfolk City Charter § 36.

The residents formed "The 'Bay Oaks Parks' Committee of the Petitioners" (the Committee) and filed an amended notice of intent to circulate and file a referendum petition (the

Petition) on July 25, 2005. The Petition stated that it was a petition "to repeal Ordinance No. 41,934, Ordinance No. 41,935, Ordinance No. 41,936, and Ordinance No. 41,937 adopted on July 19, 2005." The Committee filed the Petition with the clerk of the City of Norfolk on August 18, 2005. The City Council did not repeal the ordinances within thirty days and, at the Committee's request, the Petition was sent to the Clerk of the Circuit Court of the City of Norfolk on September 20, 2005. After the Clerk of the Court certified that the Petition contained the requisite number of signatures of qualified voters, the Committee then presented the Petition to the Circuit Court.

The City and NRHA each filed a motion to intervene, which the circuit court granted over the Committee's objections. The matter was set for an evidentiary hearing on February 23, 2006. At that hearing, the circuit court dismissed the claim raised by the City and NRHA that the Petition was invalid because the Committee used false and misleading statements and promotional materials in the circulation process but held, as a matter of law, that the Petition was invalid because it presented all four ordinances in a single petition. The circuit court entered a final order declining to set a referendum election and dismissing the Petition with prejudice.

The Committee filed a timely appeal to this Court asserting the circuit court erred in 1) granting the City and NRHA leave to intervene; 2) finding that the Petition was legally defective because the Petition sought repeal of four related Ordinances in a single petition instead of listing each of the four challenged ordinances in a separate petition; and 3) granting summary judgment for the City and NRHA sua sponte.  We granted the Committee an appeal.

## Discussion

### I.  Motion to Intervene

We first address the Committee's assertion that the circuit court erred in granting the City's and NRHA's motions to intervene.  The Committee claims the motions to intervene were untimely because they were not filed until nearly two months after the City received notice that the Petition was to be circulated and over one month after the completed Petition was officially presented to the City Council.

We apply an abuse of discretion standard when reviewing a circuit court's decision to grant a motion to intervene.  See Hudson v. Jarrett, 269 Va. 24, 33, 606 S.E.2d 827, 831 (2005) (granting motion to intervene is within discretion of court but intervenor must meet requirements for intervention).  The Committee does not question the interests of the City and NRHA in the subject matter of these proceedings; its challenge is

4

limited solely to the timeliness of the intervention. The circuit court found the interventions timely "since at any time prior to the City Council's completion of the reconsideration mandated by law, the issue could have been made moot and . . . there are no statutory, charter, or constitutional provisions requiring earlier filing."

The circuit court's rationale reflects a reasoned evaluation of the circumstances.  The fact that the City or NRHA could have brought its objections to the Petition to the attention of the Committee at some earlier time is not relevant to whether the intervention in circuit court was timely.  Accordingly, we hold that the circuit court did not abuse its discretion in granting the motion to intervene.

## II.  Petition for Referendum

"A referendum is 'an exercise by the voters of their traditional right through direct legislation to override the view of their elected representatives as to what serves the public interest.' " R.G. Moore Bldg. Corp. v. Committee for the Repeal of Ordinance R(C)-88-13, 239 Va. 484, 489, 391 S.E.2d 587, 589 (1990) (quoting City of Eastlake v. Forest City Enters., Inc., 426 U.S. 668, 678 (1976)).  The referendum process "is a means for direct political participation, allowing the people the final decision, amounting to a veto

5

power, over enactments of representative bodies." Id. (quoting City of Eastlake, 426 U.S. at 673).

Petitions for initiating the referenda process are the subject of § 35 of the City Charter. That section states that a petition does not have to contain the text of the "ordinance or ordinances" sought to be repealed. Norfolk City Charter § 35. This language implies but does not specifically address whether a single petition may be submitted for the repeal of more than one ordinance.

In the absence of clear legislative direction on this issue, the City and NRHA argue, and the circuit court agreed, that because a referendum is "legislative in nature and effect," Collins v. City of Norfolk, 244 Va. 431, 434, 422 S.E.2d 782, 783 (1992), the petition is subject to the same restrictions that apply to a City ordinance. One of those requirements is that City ordinances "shall be confined to one subject." Norfolk City Charter § 14.1. Applying this section, the City contends that the circuit court was correct in concluding that because the four ordinances contained in the Petition could not be considered in a single ordinance, they likewise could not be combined in a single petition for referendum, and therefore, the Petition was invalid. We disagree with this analysis.

6

First, nothing in the City Charter indicates that the provisions applicable to City ordinances are also applicable to a petition for referendum.  Furthermore, the City and NRHA equate the petition for referendum with the referendum itself.  However, the petition is the mechanism for placing the issue before the electorate; the referendum is the vote of the electorate.  More importantly, nothing in the Petition precludes a separate vote on each of the ordinances referenced in the Petition.

The Committee contended at trial and reiterated here that the Petition only ensures the placement of the ordinances on the ballot and that each ordinance could be voted upon independently.  Code § 24.2-684 specifically states that "[t]he court order calling a referendum shall state the question to appear on the ballot."  This provision does not reference the petition and, contrary to the argument of the City and NRHA, the language of the Petition reciting the ordinances in the conjunctive, does not require the circuit court to structure the ballot to require a single vote on the combined ordinances.

The Committee's Petition complied with all stated requirements of the City Charter and the Code.  The Petition was not invalid because it listed multiple ordinances and the Committee was not required to circulate a separate petition

for each of the four challenged ordinances.  Accordingly, the circuit court erred in finding the Petition invalid and in declining to certify and order the referendum requested by the Committee.[*]

In summary, we will affirm that portion of the judgment of the circuit court allowing the City and NRHA to intervene. We will reverse that portion of the judgment holding that the Petition was invalid, and remand the case for further proceedings.

<u>Affirmed in part,
reversed in part,
and remanded.</u>

---

[*] In light of this holding, we need not address whether the circuit court improperly granted summary judgment for the City and NRHA.