COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Lorish and Frucci
Argued at Norfolk, Virginia


LIBERTY BAPTIST CHURCH

MEMORANDUM OPINION* BY
v.      Record No. 1103-24-1        JUDGE LISA M. LORISH
OCTOBER 21, 2025

JACK CHALASINSKI


FROM THE CIRCUIT COURT OF NEWPORT NEWS
Matthew W. Hoffman, Judge

Brian J. McNamara (Rachel N. Sowder; Ford Richardson, P.C., on
briefs), for appellant.

Christian Kline (Injured Workers Law Firm, on brief), for appellee.


While employed by Liberty Baptist Church, Jack Chalasinski was hit and injured by a car

driven by Desmond Younger. Chalasinski filed for workers' compensation benefits and—

without informing Liberty Baptist—filed a lawsuit against Younger. After the case was

erroneously dismissed and reinstated, Liberty Baptist sought to intervene under Code

§§ 65.2-309 and -310, which allow an employer to recover damages as a subrogee of an injured

employee when the employee sues a third party. The circuit court then allowed Chalasinski to

nonsuit the case. On appeal, Liberty Baptist argues that the court should have allowed their

intervention and that the court erred in granting the nonsuit. We disagree and affirm.

BACKGROUND

Jack Chalasinski, an employee of Liberty Baptist, was driving in Newport News when he

collided with a car driven by Younger. Chalasinski alleges that Younger caused the accident by

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

negligently failing to yield to oncoming traffic. Chalasinski sustained serious bodily injury and was unable to work. Two years later, Chalasinski, represented by the law firm Huffman & Huffman, filed a complaint against Younger seeking $350,000 in damages. Chalasinski also filed a separate claim for benefits with the Virginia Workers' Compensation Commission. But Chalasinski never informed Liberty Baptist or the Commission of his suit against Younger. The Commission awarded Chalasinski lost wages and medical benefits. In February 2020, Chalasinski settled his claims against Younger[1] through his own uninsured insurance carrier, Allstate, without notifying Liberty Baptist.

Three years later, Huffman & Huffman, as part of an "internal review of Complaints filed" by the firm that "had not been dismissed with the courts," moved the court to formally dismiss the case against Younger. Huffman & Huffman no longer represented Chalasinski and had "no authority or permission" to have the action dismissed. Nor did Huffman & Huffman contact Chalasinski before moving the court to file the motion to dismiss. The court granted the motion in April 2023. About five months later, however, Huffman & Huffman moved to vacate the dismissal order and reinstate the action, explaining that the firm had been unaware of Chalasinski's ongoing workers' compensation matter stemming from the same car accident.[2] Huffman & Huffman claimed that Liberty Baptist told Chalasinski that dismissing the claim against Younger would terminate his eligibility for future workers' compensation benefits

---

[1] Chalasinski's complaint was never served on Younger, and no counsel ever entered an appearance on his behalf.

[2] Chalasinski's workers' compensation claim attorney, and current counsel on appeal, Christian Kline, advised Huffman that the "workers' compensation carrier was threatening to file an Application with the Commission to cut off the ongoing workers' compensation benefits" on the grounds that the dismissal order had "cut off its statutory subrogation rights against the Defendant in this action."

because Liberty Baptist had a statutory right to intervene in any action filed by the claimant against the tortfeasor under Code § 65.2-309(A).

In October 2023, the court vacated the dismissal order, finding that it was void ab initio, and reinstated the case on the court's docket. In doing so, it reasoned "that a fraud was perpetrated" on the court "in that counsel for [Chalasinski] alleged that he filed the dismissal order without authority to do so." A month later, Liberty Baptist moved to intervene in the case under Code § 65.2-309 for the purpose of moving the court to vacate the order reinstating the case against Younger. Liberty Baptist also moved to vacate, arguing that Huffman & Huffman never committed any "fraud" against the court, and, as such, the court lacked jurisdiction under Rule 1:1(a).

Chalasinski then filed a motion for nonsuit. That same day, Chalasinski also filed a brief in opposition to Liberty Baptist's motion to intervene, countering that Liberty Baptist did not have standing to intervene when Liberty Baptist did not actually want to pursue a statutory subrogation right but sought only to have the case dismissed.

On May 20, 2024, the court held a hearing on the motion to intervene, motion to vacate, and motion for nonsuit. The court issued two written orders on May 30, 2024. The first granted Chalasinski's nonsuit, and as such, made "no ruling on the Motions filed by Liberty Baptist Church." This order was prepared by Chalasinski and endorsed by his counsel but was not endorsed by Liberty Baptist. The second order denied Liberty Baptist's motion to intervene for the "reasons so stated at the hearing" and noted that "[t]he Clerk of Court is directed to forward a certified copy of this Order to the parties[,] and their signatures are waived as an endorsement to this Order." Neither party endorsed the order.

Liberty Baptist alleges it was not until June 27, 2024, at which point the trial court's jurisdiction had expired under Rule 1:1(a), that Liberty Baptist learned of the court's order

- 3 -

denying its motion to intervene. The next day, Liberty Baptist filed a motion for reconsideration to the court's order granting the nonsuit and "its decision to decline to rule" on its motion to intervene and vacate. Liberty Baptist appeals.

ANALYSIS

I. Liberty Baptist may only appeal the court's ruling on the motion to intervene.

Liberty Baptist raises seven assignments of error on appeal regarding the motion to intervene, Chalasinki's nonsuit, and alleged procedural errors with respect to the May 20 hearing. First, Liberty Baptist argues that the court erred in denying the motion to intervene. As for the nonsuit, Liberty Baptist argues that the court erred by granting the motion, by ruling on the motion before resolving the motion to intervene, and by declining to rule on Liberty Baptist's motion to vacate the nonsuit. Liberty Baptist then raises procedural challenges, first claiming that the court erred by not "providing reasonable notice and opportunity to be heard" to Liberty Baptist at the May 20 hearing, then by allowing argument from Huffman & Huffman's counsel at the May 20 hearing, and finally by denying Liberty Baptist's motion to intervene after the order granting the nonsuit said the court declined to rule on the motion to intervene. Only the first question—whether the court erred in denying the motion to intervene—is properly before us.

In general, someone who is not a party to a case has no right to appeal the result of that case. Code § 17.1-405 provides that "any aggrieved party may appeal to the Court of Appeals from" a final judgment or order. And the Supreme Court has ruled that an aggrieved "party" entitled to appeal does not "include those who might, should, or must be joined as parties, but rather . . . only those who actually have been so joined." *Bonanno v. Quinn*, 299 Va. 722, 731 (2021). For this reason, the Supreme Court affirmed this Court for "dismissing a petition for appeal filed by a person who was not a party in the proceeding from which the appeal was

- 4 -

taken." *Id.* at 726. For this reason, "an appeal from the denial of a motion for leave to intervene brings only the subject of the motion and whether it should have been granted, not the merits of the case, before the appellate court." *Id.*at 732.

Thus, because Liberty Baptist was never a party to the case against Younger, it is not a "party" on appeal. So the only challenge Liberty Baptist can now raise on appeal is whether the circuit court erred in denying Liberty Baptist's motion to intervene.

II. The court did not err in denying the motion to intervene.

We review a circuit court's denial of a motion to intervene for abuse of discretion. *Comm. of Petitioners for Referendum ex rel. Kerry v. City of Norfolk*, 274 Va. 69, 73 (2007). A court abuses its discretion when it makes an error of law. *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022). "Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007) (quoting *Crawford v. Haddock*, 270 Va. 524, 528 (2005)).

While Liberty Baptist lacks standing to challenge the circuit court's decision to grant the nonsuit, we nevertheless must start by considering the nonsuit to assess the viability of Liberty Baptist's motion to intervene. We conclude that the court did not err in granting the nonsuit, so there was no case in which Liberty Baptist could intervene. The court therefore did not err in denying the motion to intervene.

Code § 8.01-380 allows a plaintiff to file one nonsuit as a matter of right before an action receives a final decision. But the statute prohibits a nonsuit without an adverse party's consent when the adverse party has filed "a counterclaim, cross claim or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross claim or third-party claim can remain pending for independent adjudication

by the court." Code § 8.01-380(D). By statute, then, Chalasinski had a right to nonsuit unless there was opposition from an adverse party who had filed a claim against him in the same suit.

In Virginia, the plaintiff's right to nonsuit is near absolute. The Supreme Court has emphasized that the "right to take a nonsuit pursuant to Code § 8.01-380(B) in a Virginia state court is much more expansive than the right to a voluntary dismissal pursuant to Federal Rule 41(a)(1)(A)(i) in federal court." *INOVA Health Care Servs. v. Kebaish*, 284 Va. 336, 345 (2012). The Court noted that in Virginia, "[t]he right to take a nonsuit on the eve of trial, notwithstanding a defendant's loss of time and expense incurred in preparation, and notwithstanding any disruption which may result to the court's docket, is a powerful tactical weapon in the hands of a plaintiff." *Id.* at 344 (quoting *Trout v. Commonwealth Transp. Comm'r of Va.*, 241 Va. 69, 73 (1991)). While "[t]he General Assembly has provided, in Code § 8.01-380, several conditions to give balance to the exercise of that right," a "[n]onsuit remains, however, distinctly a weapon in the arsenal of a plaintiff." *Id.* (quoting *Trout*, 241 Va. at 73).

Under that reasoning, Liberty Baptist was not a party at the time of the May 20 hearing. Liberty Baptist incorrectly concludes that it was "already a party to the claim" because "an employer who has paid benefits is already a real party in interest in the third-party case" under Code § 65.2-309. This is not so; a party in interest is not always a party in litigation. Although Code § 65.2-309(A) creates a lien against any verdict or settlement arising from the third-party case, it does not automatically make the employer a party in the case. If Liberty Baptist's interpretation were correct, there would have been no need to move to intervene in the first place. A motion to intervene is a procedural step that allows an insurer to protect its subrogation interest in the litigation against a third party. But until granted, the insurer is not a party to the action.

Even if Liberty Baptist could be deemed a "party," the nonsuit was still proper. The only limitation to the right to a first nonsuit is when an adverse party has filed a "counterclaim, cross claim or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit." Code § 8.01-380(D). In such a scenario, the plaintiff must obtain the adverse party's consent. Liberty Baptist did not file such a claim, so Chalasinski was not required to seek their consent to nonsuit.

Because the nonsuit was properly granted, Liberty Baptist's motions to intervene and vacate were rendered moot because there was no case for Liberty Baptist to intervene in.[3] Thus, the trial court did not err in denying or declining to rule on those motions.[4]

CONCLUSION

For these reasons, the trial court's judgment is affirmed.

*Affirmed.*

---

[3] This does not foreclose potential future remedies for Liberty Baptist if Chalasinski files another lawsuit, or if Liberty Baptist chooses to pursue a lawsuit on Chalaskinski's behalf. *See* Code § 65.2-309(A) (When an employer pays workers' compensation, the employer has "a lien on behalf of the employer against any verdict or settlement" the injured employee obtains from a third party and may enforce it "in his own name or in the name of the injured employee or his personal representative."); *see also Yellow Freight Sys., Inc. v. Courtaulds Performance Films, Inc.*, 266 Va. 57, 62 (2003) ("Code § 65.2-310 provides protection to the employer by allowing recovery of compensation paid to its employee and other expenses paid on behalf of the employee when the employee files an independent action against the responsible third party.").

[4] Liberty suggests that the court erred by entering two contradictory orders—one denying the motion to intervene and the other merely declining to rule on it at all—but this makes no difference in the outcome of this appeal. Because the nonsuit was properly granted, either action would not have been error.