DENVER & NEW ORLEANS R. R. CO. V. LAMBORN ET AL.

1. The privilege of abandoning condemnation proceedings under the statute is lost to petitioner whenever the land-owner acquires a vested right to the compensation awarded; such vested right accrues when the amount of the award has been paid or deposited as required by law.

2. The petitioner retains the right to abandon even though he procures a statutory order for possession and takes such possession pending the condemnation proceedings.

3. Upon final determination of condemnation proceedings in the trial court, a review may be had in this court either upon appeal or error, and the petitioner is not precluded of his right to abandon upon obtaining such review.

4. But if petitioner has obtained possession, having made a deposit at the inception of the proceedings, in order to retain such possession pending a review in this court, he must make the deposit equal in amount to the sum awarded as compensation. Failing to comply with this requirement his appeal or writ of error will not be dismissed, but his possession becomes unlawful, and respondent is entitled to relief upon proper proceedings therefor.

5. Under the facts in this case, *held*, that petitioner, upon instituting new condemnation proceedings for the right of way only, might be permitted to retain its statutory possession thereof already taken, upon deposit of the sum named as security in accordance with law.

6. Before obtaining possession of the premises pending condemnation proceedings, the petitioner is required to deposit with the clerk, as security, a sum fixed by the court or judge. The amount thus deposited is, in case of abandonment, security for all damages suffered by reason of the temporary occupation, as well as for the compensation awarded if the ownership pass to the petitioner.

*Error to District Court of Pueblo County.*

THE facts are stated in the opinion.

Messrs. WELLS, SMITH and MACON, for plaintiff in error.

Mr. JOHN M. WALDRON, for defendants in error.

HELM, J. Counsel in this case elaborately and earnestly argue several important questions touching the rights and powers conferred by our laws upon the subject of

eminent domain.   The graver of these questions will be briefly considered:

I.  At what stage of condemnation proceedings, under our statute, does petitioner forfeit or lose the right of abandoning the same upon payment of all costs and damages actually accrued?   It is, in our judgment, a correct answer that such privilege is lost whenever the land-owner acquires a vested right to the compensation awarded; but there is some diversity of opinion among the decisions as to when this vested right accrues.   The statute declaring the procedure for ascertainment of damages, and for returning a verdict or certificate of award, contains, *inter alia*, the following:

" The court or judge, upon such certificate or verdict of a jury as hereinbefore provided, and due proof that such compensation and separate sums, if any be certified to be found, have been paid to the parties entitled to the same, or have been deposited to the credit of such parties, in court or with the clerk of the court, for that purpose, shall make and cause to be entered in its minutes, a rule describing such lands, a certified copy of which shall be recorded and indexed in the recorder's office of the proper county, in like manner and with like effect as if it were a deed of conveyance from the said owners and parties interested to the proper parties. ˉ Upon entering of such rule the said petitioner shall become seized in fee, except as hereinafter provided, of all such lands, real estate, or claims described in said rule, as required to be taken as aforesaid, and may take possession of, and hold and use, the same for the purposes specified in said petition." Code Civil Proc. § 242.

The exceptions mentioned in no way affect the question now under consideration.   The foregoing statutory provision indicates the exact moment when petitioner becomes entitled to the rule which operates as a conveyance to him of the fee of the premises, and the right to possess, use and enjoy the same.   But, according to the

conclusion reached in the better reasoned decisions, the rights of petitioner and respondent are reciprocal. Respondent acquires no vested right to the compensation awarded until petitioner has secured a vested right to the property condemned, and *vice versa*. Accordingly, it has been held, under statutes similar to ours in this respect, that the privilege of abandonment may be exercised at any time prior to the payment or deposit, in the manner provided by law, of the sum awarded. *Stacey v. Vermont Cent. R. Co.* 27 Vt. 39, and cases there cited; *Peoria & R. I. R'y Co. v. Rice*, 75 Ill. 329; *Norris v. Mayor, etc.* 44 Md. 598; *Graff v. Mayor of Baltimore*, 10 Md. 544; *B. & S. R. R. Co. v. Nesbit*, 10 How. 395.

We think the foregoing conclusion eminently logical, and adopt it. This does not, however, as we shall presently see, relieve petitioner from liability to respondent for all legitimate expenses and injuries occasioned by the proceedings.

II. But it is ably contended by counsel for respondent that the foregoing can, in any event, only be considered good law in cases where petitioner has never had possession of the premises sought to be condemned; and that where, as in the case at bar, petitioner has secured and held possession pending condemnation proceedings, he cannot, after return of the award, abandon without consent of the land-owner.

The statute (section 242 above mentioned) further provides that the court or judge may, at any stage of the proceedings, authorize petitioner to take possession of and use the premises until the final conclusion of the adjudication, upon deposit in court, or with the clerk, of such sum as the court or judge may deem sufficient to pay the amount of damages ultimately awarded. We are not asked here to pass upon the constitutionality of this provision. Assuming with counsel that the statute is not obnoxious to this objection, we have before us simply a question of statutory construction demanding

for its answer a declaration of the legislative intent. And the second question suggested by respondent may be restated as follows: Did the legislature intend to deprive a petitioner who has taken advantage of the foregoing provision, of the privilege of abandonment from the moment the award or verdict is returned? There are no *words* in the statute expressly giving such an effect to the fact; and the inference must be drawn, if at all, from the general provisions, scope and purposes of the act.

The argument that, ordinarily, after verdict it is too late for plaintiff to take a non-suit, is scarcely pertinent to the question before us. This is a special proceeding; differing widely in its purposes from those of the ordinary civil action, and governed by dissimilar rules of pleading and practice. It is hardly appropriate to regard abandonment in one case as analogous to non-suit in the other. The principle stated in *Pollard v. Moore*, 51 N. H. 188, on this subject, we are unwilling to adopt as applicable, under our statute, to cases of the kind before us. Petitioner desires the property, or the right of way, as the case may be; but he does not desire it at an unreasonable and ruinous price. It may be that he is utterly unable to pay the exorbitant damages awarded, and would rather change his plans and build upon a new line, if the enterprise be a railway, or abandon the project altogether.

But petitioner cannot know before return of the verdict that the price or damages allowed will be so excessive as to preclude adhering to the original plan adopted. We are therefore of opinion that the return of the award or verdict does not mark a period in the case at which it is too late to draw back; further, we think that, if it did, logically the same effect would be produced, whether possession pending the proceedings were obtained or not. Hence, if such possession operates to prevent abandonment, it should have this effect from the moment it is taken; that is to say, under the view urged by counsel

for respondent, by electing to avail himself of the statute in this regard, petitioner should be held to forfeit the right to abandon at any time after obtaining possession in pursuance of such election, save upon consent of respondent.

It should be noted, in passing, that the verdict of the jury or finding of commissioners that the premises described are necessary to the undertaking is held not to bind petitioner to take those premises and none other; it is simply a declaration that according to the surveys and plans disclosed in the petition and evidence such taking is necessary.

We have assumed, without argument, as above suggested, that the authority to take possession of and use the property pending condemnation proceedings, by compliance with the statutory requirements, is not obnoxious to the constitutional inhibition against taking or damaging private property without just compensation to the owner; or against needlessly disturbing the same without payment or deposit of such compensation in court for the owner. The expense of transferring his improvements, if any have been made upon the premises, would doubtless have some influence with petitioner upon the question of abandonment; otherwise the fact of possession would in no way affect his reason for a change of plans. The awarding of excessive compensation, or the happening of some other important and unexpected circumstance, would be no less disastrous than if no possession had been obtained. The reasons, then, which influence petitioner, and which are held sufficient to justify abandonment in cases where possession has not been taken, apply with equal force when the same has been obtained pending the adjudication.

How is it with respondent? Has he greater cause for complaint in the latter case than in the former? His occupancy and use of the premises are temporarily disturbed. But they are also disturbed, to a less degree, by

the temporary possession taken in running surveys, locating lines, and the like. For damages arising from the temporary disturbance now under consideration, the statute affords respondent ample security. Before availing himself of this privilege, petitioner is required to deposit an amount sufficient to recompense respondent for the injury thus inflicted. It is our opinion that the sum deposited is, in case of abandonment, security for all damages suffered by reason of the temporary occupation, as well as for the compensation awarded if the ownership pass to petitioner. If this conclusion could not legitimately be drawn from the language and purposes of the statute, we might be compelled to indorse the proposition that by the act of taking possession thereunder petitioner renounces his right of abandonment, except with the owner's consent. For we are not prepared to hold this such a needful disturbance of property as to be allowable under the constitution without deposit of a sum to cover the damages occasioned.

It has been held that municipal corporations may discontinue and abandon condemnation proceedings, although possession has been taken and retained pending the same; and this, too, in cases where there does not appear to have existed any express statutory authority for such taking. 2 Dill. Mun. Corp. (3d ed.) § 609, and cases cited.

In view of the foregoing conclusions, we are disposed to hold that under the law petitioner retains the right to abandon, even though he procures a statutory order for possession, and takes the same pending proceedings. It is quite as important for him to have this privilege as if the possession had not been obtained, and respondent is fully protected. The latter may, within a reasonable time, have his action for all damages occasioned by the occupancy and use; and the sum deposited by petitioner is a security for the payment of such damages when ascertained.

It cannot be correctly claimed that the foregoing conclusion tends to impair the obligation of contracts. The right of temporary possession, pending proceedings, is an incidental privilege, wisely conferred upon grounds of public policy, by express statutory provisions. In accepting the privilege, petitioner acts without the consent of respondent, and in direct opposition to the latter's wishes. There is wanting, therefore, the most essential element of a contract, either express or implied. This act of petitioner can, in our judgment, no more constitute the basis of a contract than does instituting the principal proceeding, and procuring therein an ascertainment and award of the compensation to be paid. Upon the latter subject, see *Garrison v. City of New York*, 21 Wall. 196.

III. Our statute authorizes a review of the proceedings by this court, either upon appeal or error, on application of the party dissatisfied with the "final determination" before a court or judge below. By procuring such review petitioner does not waive or destroy his right to abandon. Until this court has acted, and confirmed the conclusion reached below, the amount of compensation for damages is not *finally* determined. Until that moment, therefore, petitioner is not apprised of the sum he must pay to obtain title to the property, and the alternative or *ultimatum* of payment or abandonment is not finally presented. The expression used in passing upon a motion to dismiss the writ of error in this case — 6 Colo. 340, — that "the report of the commissioners, and approval thereof by the court, in overruling a motion to vacate and set aside the same, fixes finally the price to be paid for the premises," means that such action is decisive of the question, and final, *so far as that court is concerned.*

But here, again, the legislature carefully guard the interests of respondent, and secure to him additional protection. While the right to such review is given *absolutely*, the *possession*, pending appellate proceedings,

receives legislative attention.    It is enacted that if peti-
tioner desires to occupy and use the premises during such
appellate proceedings, he must first deposit in court or
with the clerk the amount of compensation ascertained
and awarded.    Code Civil Proc. § 250.    A fair construc-
tion of this section, in view of the remaining provisions
of the statute, is, we think, that if petitioner has obtained
possession under the law, at the inception of his proceed-
ings, he must, in order to retain possession pending the
review in this court, make the deposit equal in amount,
if not so already, to the sum awarded as compensation.
Failing to comply with the foregoing requirement, the
appeal or writ of error, if taken by him, will not be dis-
missed, but his possession becomes unlawful, and re-
spondent is entitled to relief upon proper proceedings
therefor.

IV.  Holding that petitioner in this case has had, and
still has, the privilege of electing to abandon the condem-
nation proceedings altogether, a further question is pre-
sented.    By its amended petition, as finally amended,
petitioner sought to procure the premises specified —
being upwards of eleven acres — for its *depot grounds,
machine shops* and right of way.    After the overruling
of its motion to vacate the award it attempted to aban-
don all the premises, to the possession of which it was
entitled under order of court, save the right of way
alone — less than two acres.    Its road-bed had, in the
meantime, been constructed over the land, thus appropri-
ating the right of way; but no other actual possession of
the premises had ever been taken, and any constructive
possession thereof, if such a thing be possible in these
proceedings, was fully abandoned by the erection of its
depot buildings elsewhere, and by its express written
declarations on the subject filed in the cause.    But coun-
sel for respondent argues that there can be no partial
abandonment; that if petitioner could discontinue pro-
ceedings at all, it must be as to the whole of the premises

or none; and, if we correctly understand him, he claims that petitioner should have vacated the right of way and removed its ties and rails therefrom. As already observed, the proceeding was instituted for the condemnation of land for petitioner's depot grounds and machine shops, and also to secure the right of way for its road. Upon return of the award it substantially attempted, by a so-called supplemental petition, to abandon the whole proceeding. But it asked permission, under the law (section 242, aforesaid), to retain possession of the right of way, and requested the appointment of commissioners or selection of a jury to assess the compensation therefor. It might have been more regular had petitioner simply filed a statement relinquishing all claim to any part of the premises, and then, by a proper petition, have instituted an entirely new proceeding for the right of way.

But we hardly think it was necessary to incur the useless expense and trouble of tearing up and removing its track only to replace the same when the court should have granted permission. The statute ·clothes the court or judge with authority to allow petitioner, *if already in possession* of the premises, to retain and use the same pending proceedings, upon deposit of the sum fixed to cover the compensation afterwards awarded. This clearly implies that there may be instances where petitioner has possession before there has been any judicial action upon the subject. We think that in a case like the one at bar the court or judge might grant permission, making proper provision for security, to retain possession during the proceedings.

V. It is the impression of counsel for both parties that the writ of error in this case brings before us for review only the proceedings prior to and including the order denying petitioner's motion to vacate the award. This action we have held to constitute, under the peculiar provisions of our statute on the subject of eminent domain,

such a final judgment as laid the foundation for review on error.   *Denver & N. O. R. R. Co. v. Jackson*, 6 Colo. 340.

The assignments of error relating to the part of the record mentioned are three in number.   Upon examination of the questions presented in connection therewith, we are of opinion that no ground for a reversal thereunder exists.   That this conclusion agrees with the views of counsel is evidenced by the fact that they do not rely upon these assignments in argument.   The award of the commissioners in this case, and action of the court in declining to vacate the same, will therefore not be disturbed.

VI. It is needless for us to consider the apprehensions of counsel concerning the institution of experimental condemnation proceedings, and the wrong and annoyance which may be inflicted upon land-owners through successive appraisements of the same premises by one and the same party.   We do not recognize the right to such successive appraisements.   In this case, should petitioner renew its election to relinquish all of the premises except the right of way, it would be manifestly unjust to compel respondents' acceptance of the value per acre fixed in the award for the two acres retained.   In justice to respondents it is necessary that there should be a new appraisement, both as to the value of the premises taken and damages to their remaining lands occasioned by the appropriation.   This would be no second appraisement of the same premises, because there never has been a proper appraisement and award as to what is now asked.

We fully recognize the fact that the interests of respondents in these proceedings should be carefully guarded; that the rights of the land-owner are not to be trifled with.   But if the foregoing views be correct, he is well protected.   Besides the security above mentioned, given by statute as a protection against damage or injury, it is enacted that, if the proceedings be delayed by peti-

tioner, the land-owner may conduct the same to a conclusion. He is thus provided with the means for avoiding unnecessary delay. It may be further answered to counsel's suggestion, that, as petitioner must bear all the costs of the proceedings, and also pay all damages arising therefrom, such experiments would be an expensive luxury; also that, when cases arise wherein any of the abuses feared are not expressly provided for, the courts will doubtless devise some means for giving the landowner ample protection. The judgment is affirmed.

*Affirmed.*