522 P.2d 1241 (1974)
CITY OF ENGLEWOOD, Colorado, a municipal corporation, Petitioner-Appellee,
v.
John W. REFFEL et al., Respondents-Appellants.
No. 73-179.
Colorado Court of Appeals, Div. II.
May 21, 1974.
*1242 Bernard V. Berardini, Englewood, for petitioner-appellee.
Hoffman, Goldstein, Armour & Lonnquist, P. C., Abe Hoffman, Alan A. Armour, Denver, for respondents-appellants.
Selected for Official Publication.
ENOCH, Judge.
The issue raised in this appeal is whether a landowner, who has withdrawn monies deposited by a condemning authority pursuant to an order for immediate possession, is required to refund the amount by which the withdrawal exceeds the final condemnation award.
In 1966 the City of Englewood, appellee, instituted condemnation proceedings against appellants, the owners of two parcels of land which were necessary for the improvement of certain public streets. The City filed a motion for immediate possession pursuant to C.R.S.1963, 50-1-6(6)(a), which was granted by the trial court on the condition that the City deposit a total of $10,840 for the two parcels. This amount was promptly paid into the registry. Appellants exercised their right under the statute to withdraw two-thirds, or approximately $7,200 of the money deposited pending final resolution of the condemnation proceedings.[1]
The initial jury trial resulted in a sizeable judgment in favor of appellants. The City appealed, and the Supreme Court reversed the judgment and remanded the case for a new trial. Englewood v. Reffel, 173 Colo. 203, 477 P.2d 361. At the second trial the City was permitted to introduce evidence that appellants' grantors had reserved the parcels in question for street purposes. The jury's verdict assessed the value of the property at $200, and judgment was entered thereon. Neither party *1243 appealed the second judgment. No satisfaction of judgment appears in the record.
Nine months after judgment was entered, the City filed a "Petition for Order Directing Respondents to Remit Overpayment." The petition stated that the landowners had withdrawn approximately $7,200 from deposits made by the City, that the judgment for $200 had not been appealed, and that the City was entitled to a refund of $7,000, the amount by which the withdrawals exceed the judgment. After a hearing, the trial court entered an order requiring the landowners to repay $7,000 into the registry of the court.
The owners have appealed from this order, alleging: (1) The court had no jurisdiction to enter substantive rulings after final judgment had been entered; (2) the City's petition was actually a motion to amend the judgment and therefore was not timely; (3) C.R.S.1963, 50-1-6(6), does not require the owner to refund monies withdrawn.

I.
A threshold question is raised by the City as to whether an appeal will lie to this order. The City contends that the order entered by the trial court is a collateral order, pursuant to and consistent with the final judgment entered on the merits, and therefore is not appealable. While we agree with the City's characterization of the order, we hold that, under the circumstances of this case, it is subject to review.
We recently held that an appeal may be taken from a post-judgment order fixing the dollar amount of costs, where the appeal challenges the power of the court to award particular items as costs. Janicek v. Hinnen, Colo.App., 522 P.2d 113. The order entered in the present case is closely analogous to an order assessing costs, and is appealable for similar reasons. The effect of the court's order is to impose on appellants an affirmative obligation to pay $7,000. In this appeal appellants have challenged the power of the court, both jurisdictionally and statutorily, to require them to refund this amount. Although the issue of a refund could have been raised prior to the entry of judgment, it was not litigated until the judgment had become final. Another important factor militating in favor of appealability is that the issue of a refund involves questions of law unrelated to the property valuation issue determined at trial.

II.
Appellants contend that the order requiring a refund was, in effect, a modification of the judgment entered on the second jury verdict. Therefore the City's petition should have been filed within 10 days of the judgment, see C.R.C.P. 59(e), and since a timely motion to amend was not filed, the court lacked jurisdiction to enlarge the judgment after it was entered.
We disagree with appellants' basic contention that the refund order altered and enlarged the final judgment. The order did not change in any respect the rights of the parties as determined by the jury. Rather, it was an attempt by the trial court to give effect to the judgment. The jury found that appellants were entitled to a total of $200 as just compensation for the condemned parcels. Appellants had withdrawn a much larger sum from funds the City had deposited in court. Though not apparent on its face, the judgment was a determination that appellants had received more money from the City than they were entitled to retain.
Appellants cite many cases which hold that a trial court has no power to correct an erroneous judgment, except as to clerical mistakes, after the time for review has passed. See e. g., National Farmers Union Life Insurance Co. v. Norwood, 147 Colo. 283, 363 P.2d 681; McMullin v. Denver, 133 Colo. 297, 294 P.2d 918. However, since the trial court's order sought to enforce, rather than to modify, the terms of the judgment, none of these cases is apposite to the issue at hand. Every court having jurisdiction to render a particular judgment has inherent power to enforce it. *1244 See Porto Rico v. Castillo, 227 U.S. 270, 33 S.Ct. 352, 57 L.Ed. 507.

III.
We therefore reach the substantive issue raised by appellants. They argue that since C.R.S.1963, 50-1-6(6), contains no provision regarding refunds of money withdrawn after immediate possession is granted, the court erred in ordering such a refund. We do not agree.
C.R.S.1963, 50-1-6(6), provides in part:
"(a) At any stage . . . of any proceedings under this article, the court. . . may authorize the petitioner. . . to take possession of and use said premises during the pendency and until the final conclusion of such proceedings. . . provided such petitioner shall pay a sufficient sum into court, or to the clerk thereof, to pay the compensation in that behalf when ascertained. The court . . . shall determine the amount such petitioner shall be required to pay or deposit pending any such ascertainment. . . .
"(b) Upon proper application to the court, or by stipulation between the parties, the owner may withdraw from the sum so deposited an amount not to exceed two-thirds of the highest valuation evidenced or testimony presented by the petitioner at the hearing for possession.. . . Any such withdrawal of said deposit shall be a partial payment of the amount of total compensation to be paid and shall be deducted by the clerk of the court from any award or verdict entered thereafter."
The statute clearly states that where the ultimate award of compensation is equal to or exceeds the amount withdrawn, the condemnor is to be credited with sums previously received by the landowners. Apparently, the legislature did not consider a situation, such as we have in this case, where the award is less than the amount withdrawn prior to trial. It would be illogical, however, not to apply the same rule to both situations. In addition, if the courts refused to allow a refund in cases such as the one at hand, the landowners would be unjustly enriched at the public's expense.
Our interpretation of the statute comports both with inferences from its language and with its underlying purpose. The statute speaks of the withdrawals as "partial payment of the amount of total compensation to be paid." It also states that payments are to be made "pending" final ascertainment of compensation. This language indicates that withdrawals pursuant to the statute are provisional, not absolute.
Furthermore, the purpose of requiring a deposit is to provide the landowner with security for the payment of compensation and damages ultimately awarded. See Swift v. Smith, 119 Colo. 126, 201 P.2d 609; McClain v. People, 9 Colo. 190, 11 P. 85; Denver & New Orleans R.R. Co. v. Lamborn, 8 Colo. 380, 8 P. 582. If immediate possession is granted, the statute permits the landowner to have the use and enjoyment of a portion of the approximate value of his property until the actual value can be determined. Swift v. Smith, supra. However, if that approximation is shown to be grossly inflated, as in this case, there is no justification for allowing the landowner to retain amounts previously withdrawn. We therefore hold that the trial court did not err in ordering repayment.
We have considered the estoppel argument urged by appellant and find it to be without merit under the circumstances of this case.
Judgment affirmed.
COYTE and RULAND, JJ., concur.
NOTES
[1] C.R.S.1963, 50-1-6(6), was amended in 1966 to permit landowners to withdraw three-fourths of the amount deposited. In all other respects, the 1963 version of the statute is identical to the present wording. See 1967 Perm.Supp., C.R.S.1963, 50-1-6(6).