Anthony MULEI, Plaintiff–Appellee,

v.

JET COURIER SERVICE, INC., an Ohio corporation, Defendant–Appellant,

and Concerning Mitchell Benedict, III, Appellant.

No. 91CA1816.

Colorado Court of Appeals, Div. II.

Feb. 18, 1993.

Rehearing Denied April 1, 1993.

Certiorari Denied Oct. 18, 1993.

Joseph M. Fanganello, P.C., Joseph M. Fanganello, Denver, for plaintiff-appellee.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

David G. Burlingame, Denver, for defendant-appellant Jet Courier Service, Inc., and appellant Mitchell Benedict, III.

Opinion by Judge PIERCE.

Defendant, Jet Courier Service, Inc. (Jet), and its attorney, Mitchell Benedict III, appeal from an order of the trial court directing them to pay plaintiff, Anthony Mulei, $47,848.50, plus interest, jointly and severally. We affirm in part and vacate in part.

In 1983, Mulei brought this action against Jet, his former employer, seeking recovery of pay under a contract of employment and a declaration that his covenant not to compete with Jet was invalid. Jet filed a counterclaim, seeking an injunction and damages against Mulei and American Check Transport, Inc. (ACT), for an alleged conspiracy to wrongfully compete.

The claims in the 1983 action were tried to the court, and judgment was entered in favor of Mulei for approximately $202,000, including damages, interest, attorney fees, and costs. Jet's counterclaims were dismissed, and it appealed that judgment at an earlier date.

Because Jet filed no bond on appeal, the trial court issued writs of garnishment in July of 1985 to various banks, including United Bank of Denver (United Bank) and Colorado National Bank, at which Jet and its successors had maintained accounts.

On November 15, 1985, the trial court approved Jet's supersedeas bond which consisted of a $50,000 letter of credit from Jet and $122,674.50 in cash to be deposited into the court registry, $47,848.50 of which United Bank was ordered to pay into the registry from Jet's garnished bank accounts.

On December 3, 1985, the trial court issued an order authorizing the release of funds from the garnishees "except as heretofore ordered." However, United Bank was not served with the order directing it to deposit $47,848.50 into the court registry, and, as a result, it released all of the funds in Jet's accounts.

Although the judgment against Jet was subsequently affirmed on appeal, *Mulei v.* *Jet Courier Service, Inc.,* 739 P.2d 889 (Colo.App.1987), our supreme court granted certiorari and reversed the judgment in part and remanded the cause for a new trial. *Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo.1989).

Prior to retrial, a settlement conference was held on April 24, 1990, at which Benedict appeared on behalf of Jet. Although it was noted at the settlement conference that the amount in the court registry did not match the sum required by the court orders, neither Benedict nor Jet disclosed that the $47,848.50 had not been deposited by United Bank, but had, in fact, been released to Jet.

Following the conference, the parties entered into a settlement agreement. In accordance with the agreement, the trial court dismissed Mulei's claims with prejudice and ordered that Jet be paid $96,739 of the funds deposited into the court registry. The trial court further ordered that "any other monies which may presently be in the Registry of the Denver District Court" were to be paid to Mulei.

Mulei later discovered that United Bank had not paid the $47,848.50 into the court registry, and on June 28, 1990, he filed "combined motions" in the trial court, requesting relief from the judgment of dismissal under C.R.C.P. 60(a), payment of the $47,848.50 from Benedict and Jet, and contempt sanctions against Benedict and Jet.

Following a hearing, the trial court found that, although set forth as a motion under C.R.C.P. 60(a), Mulei's motion raised issues of mistake and fraud, and therefore, it treated the motion as a C.R.C.P. 60(b) motion. Finding that Jet had realized a windfall by receiving the $47,848.50 from United Bank in 1985 and that Benedict had failed to disclose the fact that the funds had not been paid into the registry, the trial court ordered Jet Courier, its successors, and Benedict, jointly and severally, to pay Mulei $47,848.50 plus prejudgment interest dating back to November 16, 1985.

On appeal, Jet contends (1) that the trial court erred in finding fraud or misrepresentation which would justify relieving Mu-

lei from the judgment of dismissal; (2) that, because Mulei's claims were dismissed with prejudice, the trial court lacked subject matter or personal jurisdiction to enter judgment against Jet and Benedict for the $47,848.50; (3) that the trial court erred in treating Mulei's motion as a motion under C.R.C.P. 60(b), and (4) that the trial court did not have the authority to enter a money judgment against Jet or Benedict under C.R.C.P. 60(b).

## I.

Initially, we disagree with Jet's contention that the trial court lacked subject matter and personal jurisdiction to rule on Mulei's "combined motions" because the case had been dismissed with prejudice and because Mulei did not allege mistake, inadvertence, surprise, or excusable neglect which would justify relief from the order of dismissal.

## A.

■ Although a court may not modify or correct an erroneous judgment after the time for review has passed, it has inherent authority and jurisdiction to make such orders as are necessary to give effect to or enforce its prior decrees. *City of Englewood v. Reffel*, 34 Colo.App. 103, 522 P.2d 1241 (1974).

In *Reffel*, the City of Englewood deposited $10,840 into the court registry as a condition for obtaining immediate possession of land in a condemnation action. Exercising their statutory right to do so, the landowners withdrew two-thirds of the amount deposited by the City. Subsequently, judgment was entered in favor of the landowners for $200 as the value of the land. Nine months later, the trial court granted the City's motion directing the landowners to repay $7000 of the funds they had withdrawn from the registry in excess of their eventual judgment. A division of this court affirmed the trial court's order, finding that it "did not change in any respect the rights of the parties" under the initial judgment, and that "[e]very court having the power to render a particular judgment has the inherent power to

enforce it." *City of Englewood v. Reffel*, supra, 34 Colo.App. at 107, 522 P.2d at 1243. We find the holding of *Reffel* analogously applicable to the facts of this case.

Here, the trial court had ordered United Bank to pay $47,848.50 into the court registry from Jet's bank accounts, which were subject to the order of garnishment. The record shows that the trial court had reason to believe at the time of the settlement conference that the deposits in the court registry totaled in excess of $120,000, plus interest, and that it intended for Mulei to receive the balance of the deposits after the $96,000 was paid to Jet under the settlement agreement.

Although the records of the court registry reflected a lesser amount than the court anticipated, the judge who presided over the settlement conference testified at the hearing on Mulei's "combined motions" that the court understood that the funds were present in the registry, perhaps under a different account number. Because the trial court did not wish further to delay the proceedings to "wade" through the voluminous records in search of the missing funds, the settlement order included a provision stating:

> [A]ny other monies which may be presently be in the Registry of the Denver District Court under either case number or either account shall be released to Joseph Fanganello, #1356, to be held in trust for the Plaintiff, Anthony Mulei.

■ Although the trial court had dismissed the cause with prejudice, it retained jurisdiction to give effect to the settlement order. *See City of Englewood v. Reffel*, supra. The order of the trial court did not affect the substantive rights of the parties under the prior judgment; rather, it sought to enforce the prior decree. Because the trial court intended that Mulei receive the funds which United Bank failed to deposit into the court registry, it did not err in directing Jet Courier to pay over to Mulei the funds it received from United Bank.

## B.

Jet also contends that the court lacked personal jurisdiction to order Benedict to

pay a money judgment because he was not a party to the original action and had not been served with process. We agree.

Our supreme court has exclusive authority to admit applicants to the bar of the state, to prescribe rules to be followed in the discipline of lawyers, and to assess penalties in disciplinary proceedings when an attorney acts in violation of the rules of professional conduct. *See People v. Susman,* 196 Colo. 458, 587 P.2d 782 (1978); *In re Petition of Colorado Bar Ass'n,* 137 Colo. 357, 325 P.2d 932 (1958); C.R.C.P. 241.1(b).

Although in certain circumstances a trial court may impose sanctions against an attorney, *see* C.R.C.P. 11 (filing of improper or frivolous pleadings); C.R.C.P. 16 (failure to comply with pretrial disclosure/status conference); C.R.C.P. 37 (failure to comply with discovery orders); C.R.C.P. 121 § 1–15 (filing of frivolous motions), a trial court may impose sanctions for violations of the rules of professional conduct only in the context of contempt proceedings.

C.R.C.P. 241.5 provides that:

> *It is the duty of all judges in every court of record to report to the Supreme Court,* in any manner deemed appropriate, *any act or failure to act which in the opinion of the reporting judge constitutes reasonable cause for the commencement of disciplinary or disability proceedings.* No action taken by any judge pursuant to the terms of this Rule shall in any way limit the power of the reporting judge to exercise the power of contempt against a lawyer, *nor should the reporting of such matters to the Supreme Court be used in lieu of contempt proceedings.* (emphasis added)

Thus, if a trial court finds reasonable grounds for the commencement of disciplinary proceedings, the court may find the attorney in contempt or it must report the alleged violation to the supreme court, or both. However, C.R.C.P. 241 *does not* provide for disciplinary sanctions by a trial court outside the context of contempt proceedings.

Here, although Mulei requested sanctions against Benedict for contempt under C.R.C.P. 107 in his "combined motions," the trial court specifically noted at the hearings and in its final order that the issue of contempt was not properly before the court. Nevertheless, it imposed liability for the payment of the $47,848.50, plus interest, against Benedict, jointly and severally with Jet, as a "sanction" because he "knew at the time of the settlement conference that the money was never paid into the directory, and he did not divulge that to the Court when the Court was inquiring at that conference." The trial court stated no other grounds, aside from his alleged failure to disclose, for the sanction against Benedict.

While we strongly condemn Benedict's failure to disclose the fact that United Bank had released the $47,848.50 to Jet, nevertheless, in the absence of contempt proceedings, the trial court lacked authority to impose disciplinary sanctions against Benedict. Therefore, that part of the trial court's order sanctioning Benedict for concealment cannot stand.

## II.

Because the trial court had jurisdiction and the inherent power to order Jet to pay the $47,848.50, plus interest, over to Mulei in order to give effect to and enforce its prior decree, we do not address whether the trial court properly relied upon C.R.C.P. 60(b) as authority for its order.

The order of the trial court is affirmed insofar as it directs Jet to pay over to Mulei the $47,848.50 that it received from United Bank, plus interest. Insofar as the order of the trial court imposes sanctions against Benedict, the order is vacated.

REED and RULAND, JJ., concur.