IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40555

| MARK S. WILBANKS, | ) | 2014 Unpublished Opinion No. 614 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Mark S. Wilbanks appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2010, Wilbanks was found guilty of domestic violence with traumatic injury, Idaho Code §§ 18-903, 18-918(2); domestic assault, I.C. § 18-918; witness intimidation, I.C. § 18-2604; and being a persistent violator, I.C. § 19-2514. This Court affirmed his sentences on direct appeal. *State v. Wilbanks*, Docket No. 37837 (Ct. App. Feb. 27, 2012) (unpublished). Wilbanks filed a timely petition for post-conviction relief claiming, among other things, that his trial counsel was ineffective for failing to investigate documents regarding alleged prior bad acts and mental health issues of the victim. Wilbanks was appointed counsel.

1

In its answer to Wilbanks' petition, the State asserted the petition should be dismissed because the issues could have been raised on direct appeal and Wilbanks failed to present a genuine issue of material fact. The district court filed a notice of intent to dismiss and gave Wilbanks twenty days to respond. Wilbanks filed no response, and the district court entered a judgment summarily dismissing Wilbanks' petition for the reasons contained in the notice of intent to dismiss. Wilbanks now appeals.

## II.

## ANALYSIS

Wilbanks contends the district court erred by summarily dismissing his claim that he received ineffective assistance of counsel. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering

2

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart*, 118 Idaho 932, 934, 801 P.2d 1283. 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to

resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In his petition for post-conviction relief, Wilbanks argued his counsel was ineffective for failing to obtain certain documents pertaining to the victim, including police reports from another domestic violence case, arrest records (presumably for the victim), and a mental health report about the victim, and utilizing the information to "adequately impeach" the victim as a "drunken liar." Contending the case hinged on credibility, Wilbanks argued that, had counsel utilized this information, there was a reasonable probability he would have been acquitted.

4

The district court granted the State's motion for summary dismissal in regard to this claim on two bases: the claim was waived because it could have been pursued on direct appeal and, even assuming the facts Wilbanks alleged were true, he failed to state a claim that counsel's performance was deficient. In regard to the former basis, as Wilbanks points out on appeal and the State does not contest, a claim of ineffective assistance of counsel is not waived even if not pursued on direct appeal. *See Matthews v. State*, 122 Idaho 801, 806, 839 P.2d 1215, 1220 (1992). Thus, we turn to the alternative basis upon which the court relied. In determining that Wilbanks failed to assert facts amounting to deficient performance, the court stated:

> Petitioner's allegations, as set forth in his Petition and his affidavit, amount to nothing more than a disagreement with his attorney's trial strategy. ***Disagreements with trial strategy do not establish that counsel's performance was deficient.*** *Gabourie v. State*, 125 Idaho 254, 260, 860 P.2d 571, 577 (Ct. App. 1994). The fact that it was trial counsel's considered trial strategy to forgo inquiry into the victim's background--as opposed to inadequate preparation, ignorance of the law, or another shortcoming capable of objective evaluation--is supported by Petitioner's statement in his Affidavit. He writes: "On the day of trial, public defender said he wasn't able to get 'letter of recant' because it's not in existance [sic] no more," and "wasn't able to get the police records/medical records because prosecution warned him if I tried to bring up that information, the prosecution would get me convicted on being an ex-felon alone when I get on the stand."
>
> According to Petitioner's own allegations, trial counsel considered Petitioner's request that counsel obtain certain evidence and made reasonable efforts to obtain that evidence; and, according to Petitioner's own allegations, trial counsel had strategic reasons why he did not pursue the course that Petitioner now advocates in hindsight. Petitioner's disagreement with his attorney's trial strategy does not constitute deficient performance.

On appeal, Wilbanks contends the district court erred in this conclusion because, "rather than drawing all reasonable inferences in favor of Mr. Wilbanks, including an inference that defense counsel's strategic decision was based on ignorance of the law, it instead presumed that defense counsel's strategic decision was not the result of inadequate preparation, ignorance of the law, or other shortcomings." Specifically, he contends that from his statement quoted by the district court, "it is possible to conclude that the reason for defense counsel's failure to conduct an adequate cross-examination of the alleged victim was a fear that the State would cross-examine Mr. Wilbanks concerning prior felony convictions if he testified." Wilbanks argues that, taking all inferences in his favor, this indicates that counsel "made a tactical decision

based on a potentially unlawful threat by the prosecutor, as felony convictions are not automatically permissible grounds for impeachment" under Idaho Rule of Evidence 609.[1]

Wilbanks' argument is in contravention of well-settled law pertaining to summary dismissal of post-conviction petitions. Although Wilbanks was entitled to have disputed *facts* considered in his favor, *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. An appellate court must defer to reasonable inferences drawn from the evidence by the trial court if the uncontroverted evidentiary facts are sufficient to justify them. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

Here, even assuming (in Wilbanks' favor) that defense counsel made the statements to Wilbanks as quoted in the district court's decision and acted in conformance to those statements, the district court was *not* required to infer that counsel did so as a result of ignorance of the law. Rather, the court was free to draw a reasonable inference as to the motivation behind counsel's actions, which in this case, was that counsel acted pursuant to legitimate trial strategy as opposed to ignorance of the law. A review of the record indicates this was a reasonable inference to draw from the evidence presented (and Wilbanks does not argue otherwise). Wilbanks himself indicated that counsel researched the issue, but ultimately indicated several reasons why counsel chose not to utilize this evidence at trial. In addition, Wilbanks did not present any evidence that defense counsel believed that Rule 609 allowed for automatic admissibility of witnesses' prior felony convictions and acted on reliance on such an erroneous interpretation of the rule. Given that the district court came to a reasonable inference based on the evidence before it, we must defer to its finding. The district court did not err in granting the State's motion for summary dismissal. The judgment summarily dismissing Wilbanks' petition for post-conviction relief is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**

---

[1] Idaho Rule of Evidence 609 provides for the use of a prior felony conviction to impeach a witness if the conviction occurred within the preceding ten years and "only if the court determines in a hearing . . . that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect."